UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHEN DWAYNE BAKER,

        Plaintiff,

  v.

UNITED STATES DISTRICT COURT, *et al.*,

        Defendants.

Case No. C23-1417-RSM

REPORT AND RECOMMENDATION

    Plaintiff Nathen Dwayne Baker has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff's IFP application indicates he is not employed, he has no valuable property and no dependents, and his monthly expenses total $0. (*Id.*) Plaintiff did not answer questions regarding any sources of income in the last twelve months, any cash on hand, or any funds available in checking or savings accounts. (*Id.*) Asked to provide any other information explaining why he cannot pay court fees and costs, Plaintiff wrote only "Honorable Magistrate Judge Nathen Baker." (*Id.* at 2.)

    The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the

REPORT AND RECOMMENDATION - 1

claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's IFP application omits information necessary to the Court's IFP determination, such as any sources of income in the last twelve months and any funds available in cash or accounts. Furthermore, in indicating he has no expenses, Plaintiff does not provide any information on how he pays for food, shelter, and any other basic life necessities. Given these circumstances, Plaintiff should not be authorized to proceed IFP.

After careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends Plaintiff's IFP application (dkt. # 1) be DENIED and that Plaintiff be directed to pay the applicable filing fee within **thirty (30) days** after entry of the Court's Order adopting this Report and Recommendation. If Plaintiff fails to pay the fee, the Clerk should close the file. A proposed Order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the Honorable Ricardo S. Martinez acts on this Report and Recommendation. The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to Judge Martinez.

Dated this 14th day of September, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge